UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN SWEETS and<br>TTT INVESTMENTS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANZ GLOBAL RISKS US<br>INSURANCE CO.,<br><br>Defendant. | 4:24-cv-___4095_____<br><br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs Jonathan Sweets and TTT Investments, LLC by and through their counsel of record, and for their causes of action against Defendant Allianz Global Risks US Insurance Company, do hereby state and allege as follows:

### NATURE OF THE ACTION

This is an action for breach of contract and bad faith brought by Plaintiffs Jonathan Sweets and TTT Investments, LLC ("Plaintiffs") against the insurer Allianz Global Risks US Insurance Company ("Defendant"). The claims brought against the Defendant arise out of an assignment to the Plaintiffs for the claims Matthew Sengsouvanna held against the Defendant. Mr. Sengsouvanna was a licensed insurance agent employed by Platinum Insurance Group, LLC to sell insurance. Mr. Sengsouvanna was insured under a professional malpractice policy with the Defendant. Under the Policy, Defendant was to indemnify and defend Mr. Sengsouvanna against professional malpractice claims brought by third parties.

Mr. Sengsouvanna was sued for professional malpractice in a South Dakota state court action brought by Plaintiff Johnathan Sweets and TTT Investments, LLC. Mr. Sengsouvanna

1

notified the Defendant of the litigation and tendered his defense. The Defendant failed to respond, failed to defend Mr. Sengsouvanna and failed to settle the litigation. As a result, the Defendant violated its contractual and fiduciary duties to defend and settle the case within its insured's policy limits. Mr. Sengsouvanna was left no choice but to settle the claims brought against him. Mr. Sengsouvanna then entered into an assignment of rights agreement with Plaintiffs transferring his rights to pursue this bad faith and breach of contract litigation against the Defendant to Plaintiffs.  Plaintiffs as the assignees now seek to recover the damages Mr. Sengsouvanna sustained due to the Defendant's conduct.

## PARTIES

1.  The assignee and Plaintiff, Jonathan Sweets, is a resident of Sioux Falls, South Dakota.

2.  The assignee and Plaintiff, TTT Investments, LLC is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota.

3.  The assignor Matthew Sengsouvanna was a licensed insurance agent who sold insurance in Sioux Falls, South Dakota.

4.  Upon information and belief, Allianz Global Risks US Insurance Company ("Defendant Allianz") is a corporation domiciled in the State of Illinois with its principal office located at 225 West Washington Street, Suite 1800, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

5.  Plaintiffs invoke the jurisdiction of this Court under 28 U.S.C. § 1332 based upon the diversity of the parties.  The amount in controversy exceeds the sum of $75,000.

6.      A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

**FACTS**

7.      Mr. Sengsouvanna was employed by Platinum Insurance Group, LLC to sell insurance in Sioux Falls, South Dakota.

8.      Mr. Sengsouvanna sold insurance to Johnathan Sweets and TTT Investments, LLC ("TTT") for various properties Mr. Sweets and TTT Investments owned and operated in Sioux Falls, South Dakota.

9.      Mr. Sengsouvanna was the insurance agent for Johnathan Sweets and TTT Investments, LLC and was selling insurance on behalf of Platinum Insurance Group, LLC.

10.     Mr. Sengsouvanna sold insurance coverage to Mr. Sweets and TTT for the quadplex's located at 325-329 North Blauvelt Avenue in Sioux Falls, South Dakota.

11.     The 325-329 North Blauvelt Avenue properties consisted of two multi-family buildings that shared a driveway and a parking lot. Both properties were covered under the same insurance policy.

12.     On May 31, 2017, Mr. Sengsouvanna cancelled Mr. Sweets and TTT's insurance policy for the Blauvelt properties.

13.     Mr. Sengsouvanna intended to obtain insurance for the properties under a new carrier represented by Platinum Insurance Group, LLC.

14.     Mr. Sengsouvanna, unfortunately, failed to apply for insurance coverage under the new carrier and, as a result, the properties after May of 2017 were not covered under an insurance policy.

15. Mr. Sweets and TTT believed the Blauvelt properties were insured during this time period.

16. On March 31, 2018, a fire broke out at the 325 North Blauvelt Avenue quadplex.

17. The fire resulted in the total loss of the structure, and subsequently, Mr. Sweets and TTT had to tear torn down and remove the structure.

18. Due to the loss of the 325 North Blauvelt Avenue structure, the City of Sioux Falls also required the adjacent quadplex at 329 North Blauvelt to be torn down and removed.

19. Mr. Sweets and TTT incurred the costs of tearing down and removing the two quadplexes, in addition to the lost business revenue they sustained due to losing the properties' rental revenue.

20. Mr. Sweets and TTT informed Mr. Sengsouvanna and Platinum Insurance Group, LLC of their intent to file suit.

21. Mr. Sengsouvanna was insured under a professional malpractice policy that Platinum Insurance Group, LLC held with the Defendant.

22. Mr. Sengsouvanna paid premiums to the Defendant in exchange for the Defendant agreeing to defend and indemnify Mr. Sengsouvanna against actions brought by third parties.

23. As a result, on November 20, 2022, the Defendant sent a letter to Platinum Insurance Group, LLC, which stated that it "agree[d] to defend Platinum Insurance Group LLC and **Matt Sengsouvanna** as to the Claim." *See* Exhibit A (emphasis added).

24. As a result of Mr. Sengsouvanna's failure to obtain insurance coverage for the properties, Mr. Sweets and TTT filed the litigation against Mr. Sengsouvanna in Minnehaha County, Second Judicial Circuit, South Dakota, *Sweets, et al. v. Sengsouvanna and Platinum Insurance Group, LLC*, 49CIV22-000135.

25. In the litigation, Mr. Sweets and TTT alleged that Mr. Sengsouvanna, among other causes of action, breached his contract, breached his fiduciary duties and committed professional negligence.

26. On December 22, 2022, Mr. Sengsouvanna e-mailed the Defendant to tender his defense. He provided the Defendant with the pleadings he had received in the litigation. *See* Exhibit B.

27. Following Defendant's November letter and Mr. Sengsouvanna's December e-mail, Mr. Sengsouvanna received no further communications from the Defendant.

28. The Defendant did not defend Mr. Sengsouvanna in the action filed by Mr. Sweets and TTT.

29. The Defendant did not file an Answer on behalf of Mr. Sengsouvanna, did not participate in any settlement discussions and did not hire counsel to defend Mr. Sengsouvanna.

30. The Defendant did not inform Mr. Sengsouvanna that it was denying coverage.

31. As a result, Mr. Sengsouvanna was forced to defend himself in the litigation filed by Mr. Sweets and TTT.

32. In order to protect his interests, Mr. Sengsouvanna entered into settlement discussions with the Mr. Sweets and TTT's counsel.

33. On June 30, 2023, Mr. Sengsouvanna entered into a *Settlement Agreement and Stipulation for Entry of Judgment* with Mr. Sweets and TTT pursuant to *Miller v. Shugart*, 316 N.W. 2d 729 (Minn. 1982). *See* Exhibit C.

34. The settlement provided that the parties' agreed that the reasonable value of the damages suffered by Mr. Sweets and TTT arising from Mr. Sengsouvanna's failure to procure insurance for the properties was not less than $577,351.

35. As part of the settlement, Mr. Sengsouvanna stipulated to a judgment being entered against him.

36. Also, as part of the settlement agreement, Mr. Sengsouvanna assigned to Plaintiffs all of his claims and causes of action, including breach of contract and bad faith for damages arising from the Defendant's failure to defend and indemnify in the actions brought by Mr. Sweets and TTT.

37. Mr. Sengsouvanna entered into the settlement agreement to protect his rights by agreeing to a settlement for the reasonable value of the damages sustained by Mr. Sweets and TTT.

38. Due to the actions of the Defendant, Mr. Sengsouvanna incurred the costs of litigation and the settlement against him.

39. The Defendant failed to investigate Mr. Sengsouvanna's claim, failed to communicate with Mr. Sengsouvanna and failed to defend and indemnify Mr. Sengsouvanna pursuant to the terms of the parties' insurance policy.

## COUNT I
### Breach of Contract

40. Plaintiffs hereby reallege the preceding paragraphs and incorporate them as though fully set forth herein.

41. Mr. Sengsouvanna and Platinum Insurance Group, LLC entered into a contract with the Defendant whereby Mr. Sengsouvanna and Platinum Insurance Group, LLC paid premiums in exchange for the Defendant providing a defense and liability protection and security from third-party claims.

42. The Defendant wrote and drafted the insurance policy that it sold to Mr. Sengsouvanna and Platinum Insurance Group, LLC in exchange for substantial premiums.

43. Under South Dakota law, any uncertainty or ambiguity in a contract of insurance is to be construed most strongly against the insurer and in favor of the insured.

44. By virtue of the policy of insurance in effect at all relevant times hereto, and Mr. Sengsouvanna's status as an insured under the policy, the Defendant was contractually obligated to defend Mr. Sengsouvanna and to indemnify him for the Sweets Lawsuit.

45. The Defendant breached its duties under the terms of the policy when it refused to defend and indemnify Mr. Sengsouvanna.

46. Because of this breach of the policy, Mr. Sengsouvanna had no choice but to enter into a settlement agreement to resolve the Sweets Lawsuits without any cooperation or contribution from Defendants.

47. Based on the totality of the circumstances, the facts known to Mr. Sengsouvanna at the time it was made, it was reasonable for Mr. Sengsouvanna to settle the Sweets Lawsuits for the amount it was settled.

48. The Defendant's breach of its duties under the policy has resulted in substantial damages to Mr. Sengsouvanna, including but not limited to, amounts paid to resolve the Sweets Lawsuits and litigation expenses.

49. The Defendant's refusal to indemnify Mr. Sengsouvanna was vexatious and without reasonable cause and Plaintiffs are entitled to attorneys' fees pursuant to SDCL 58-12-3.

## **COUNT II**
### **Bad Faith**

50. Plaintiffs hereby reallege the preceding paragraphs and incorporate them as though fully set forth herein.

51. Because the Policy constituted a contract of insurance between Mr. Sengsouvanna and the Defendant, there was fiduciary duties owed by the Defendant to Mr. Sengsouvanna and an implied covenant of good faith and fair dealing between them, obligating the Defendant to refrain from doing anything that would injure the rights of Mr. Sengsouvanna to receive the benefits of the agreement.

52. Under South Dakota law, an insurance company may not give consideration to its own financial interests at the expense of its insured, but that is what the Defendant did in this case.

53. Under South Dakota law, an insurance company must approach the possibility of settlement as though there were no policy limits and that it would be required to pay any sum that the plaintiff would be likely to recover, but the Defendant did not do that in this case.

54. Mr. Sengsouvanna was sued in the Sweets Lawsuit within the policy period and provided timely notice to the Defendant of the occurrence giving rise to the duty to defend and indemnify.

55. The Defendant owed fiduciary duties to Mr. Sengsouvanna by virtue of the insurance policy.

56. Among these fiduciary duties, the Defendant had a duty to give at least equal consideration to the interests of its insured when deciding whether to settle a case.

57. The Defendant knew, or should have known, there was great financial risk to Mr. Sengsouvanna in defending the Sweets Lawsuit.

58. The Defendant knew, or should have known, that the Sweets Lawsuit could have been settled within the monetary limits of the policy under which Mr. Sengsouvanna was covered, and in fact, the Sweets Lawsuit was settled within the policy limits, without any contribution or indemnification from the Defendant.

59. Under the circumstances, a good faith consideration of the interests of its insured required the Defendant to settle the claims within the limits of the policy when it had the opportunity to do so.

60. The Defendant committed bad faith and breached its contractual and fiduciary duties to Mr. Sengsouvanna in several ways, including by:

- Considering its own interests at the expense of its insureds and putting its own interests before those of its insureds;

- Falling to acknowledge and act on the claim;

- Failing to communicate with its insured;

- Failing to negotiate and enter into a settlement in good faith within the policy limits of its insured;

- Failing to defend and indemnify Mr. Sengsouvanna;

- Failing to honor the plain terms of the insurance contract; and

- Failing to perform a fair investigation and fair evaluation of the claim.

61. The Defendant's acts, omissions and decisions detailed above, and pattern and practice of refusing to defend and indemnify and otherwise honor the plain terms of the insurance contract and its legal obligations, were the direct and proximate cause of substantial damages to Plaintiffs, including, but not limited to, amounts paid to resolve the Sweets Lawsuit and costs for defending the claim.

62. The Defendant's breaches of its fiduciary duties to Mr. Sengsouvanna; its refusal to defend and indemnify; its refusal to act in good faith; its refusal to negotiate and enter into a good faith settlement within the policy limits to protect its insured and to otherwise honor the terms of the policy and other legal obligations; and Defendant's other acts, omissions and decisions detailed above were willful, wanton, malicious and done with reckless disregard of Plaintiffs' rights, entitling Plaintiffs to punitive damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for damages against the Defendant as follows:

(1) For Plaintiffs' compensatory, general, special and punitive damages in an amount that the jury deems just and proper under the circumstances;

(2) For Plaintiffs' attorneys' fees pursuant to SDCL 58-12-3;

(3)  For Plaintiffs' costs and disbursements herein;

(4)  For pre-judgment and post-judgment interest; and

(5)  For such other and further relief as the Court determines to be just and proper.

Dated this 13th day of May, 2024.

                        **JOHNSON, JANKLOW & ABDALLAH, L.L.P.**

                        BY  */s/   Erin Schoenbeck Byre*
                        Steven M. Johnson (steve@janklowabdallah.com)
                        Erin Schoenbeck Byre (erin@janklowabdallah.com)
                        101 South Main Avenue, Suite 100
                        Sioux Falls, SD 57104
                        (605) 338-4304

                        *Attorneys for the Plaintiffs*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

                                  */s/   Erin Schoenbeck Byre*
                                Steven M. Johnson
                                Erin Schoenbeck Byre

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Johnathan Sweets & TTT Investments, LLC

### DEFENDANTS
Allianz Global Risks US Insurance Co.

**(b)** County of Residence of First Listed Plaintiff: Minnehaha (SD)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Cook (IL)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven M. Johnson/Erin Schoenbeck Byre, Johnson Law Firm, 101 South Main Avenue, Suite 100, Sioux Falls, SD 57104 (605-338-4304)

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [X] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 / 28 U.S.C. § 1391(b)(2)

Brief description of cause:
Breach of Contract / Bad Faith Claim

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/13/2024

SIGNATURE OF ATTORNEY OF RECORD: /s/ Erin Schoenbeck Byre

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.